IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILFORD REAL ESTATE GROUP, LLC, a Nebraska Limited Liability Company;<br><br>       Plaintiff,<br><br>    vs.<br><br>MARJORIE COLBURN, an Individual; NICOLE HEADEN, an Individual; JASMIN JENSEN, an Individual; and KARIE L. MILFORD,<br><br>       Defendants. | **8:21CV412**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Milford Real Estate Group, LLC's motion to dismiss the defendants' counterclaims for lack of subject-matter jurisdiction. Filing No. 18. It argues the defendants' counterclaims are premised on different facts than the claims alleged in the complaint and are therefore improper and should instead be litigated in a separate suit. In the same motion, Karie L. Milford, the putative third-party defendant, moves to strike the defendants' third-party complaint against her for failure to comply with Federal Rule of Civil Procedure 14. *Id.* For the reasons stated below, the Court finds the third-party complaint should be treated as a counterclaim, but otherwise denies the motion and allows the counterclaims to proceed.

## I.   BACKGROUND

Plaintiff Milford Real Estate Group, LLC ("MREG") is a boutique real-estate broker company that provides residential real-estate services in Nebraska and Iowa. Filing No. 1 at 2. Specifically, MREG provides real estate agents with marketing, lead generation, and marketing services in exchange for a percentage of their commissions. *Id.* Karie L.

Milford founded MREG in 2013.  *Id.*  Defendant Nicole Headen worked for MREG as an independent-contractor real-estate agent from July 2019 until June 2020.  *Id.* at 3. Defendant Jasmin Jensen also worked as an independent-contractor real-estate agent for MREG from August 2014 to January 2021.  *Id.*  Defendant Marjorie Colburn worked for MREG first as a transition coordinator and then a showing assistant, although the parties dispute the exact dates of her employment. *Id.*; Filing No. 10 at 2.

MREG alleges that it required the defendants to execute confidentiality and non-solicitation agreements as part of their employment.  Filing No. 1 at 3–4.  According to MREG, these agreements prevented the defendants from utilizing confidential information and from soliciting any of MREG's clients for two years after termination of their employment.  *Id.* at 4-–5.  MREG alleges Jensen and Colburn breached their employment contracts by deleting information belonging to MREG, soliciting MREG's customers, and misusing MREG's confidential information, such as customer lists and lead information, after they left their employment.  *Id.* at 10-–11.  MREG alleges these actions also constituted a breach of Colburn's duty of loyalty to MREG and a breach of Jensen's fiduciary duties to MREG as well as violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-501 et seq. *Id.*  MREG claims that after Headen left her employment, but while Jensen still worked for MREG, Jensen diverted clients to Headen.  *Id.* at 5-–6.  Thus, MREG asserts claims against Headen for aiding and abetting Jensen's breach of fiduciary duty and tortious interference with MREG's employment contract with Jensen.  *Id.* at 9, 12–13.

In response, the defendants filed an answer, counterclaims against MREG, and a third-party complaint against Milford.  Filing No. 10.  The defendants claim that under the

terms of their employment, MREG and Milford agreed to provide them with leads on various real-estate sales in exchange for a portion of the commission.  Filing No. 10 at 8–9.  However, despite this oral agreement, the defendants claim MREG and Milford failed to provide them with adequate leads and withheld more than the agreed-upon commission share in certain instances.  Filing No. 10 at 9–10.  The defendants, therefore, assert claims for breach of contract, promissory estoppel, unjust enrichment, and negligent misrepresentation against both MREG and Milford.  Additionally, Colburn and Headen assert claims under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 et seq., against MREG and Milford.

MREG and Milford filed a motion to dismiss counterclaims and motion to strike third-party complaint, arguing Milford is not a proper third-party defendant and the Court lacks subject-matter jurisdiction over the counterclaims because they are legally and factually unrelated to the claims in the complaint.  Filing No. 18; Filing No. 19.

## II.    STANDARD OF REVIEW

Subject-matter jurisdiction is a threshold issue for this Court.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).  Federal Rule of Civil Procedure 12(b)(1) provides that dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim.  *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005).  The party seeking to invoke federal jurisdiction carries the burden of proof on that issue.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). MREG raises a facial challenge to the defendants' counterclaims. *See* Filing No. 19 at 7 n.1. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

## III.   DISCUSSION

### A.  Motion to Strike Third-Party Complaint Against Milford

Milford moves to strike the defendants' third-party complaint, arguing it does not comply with Fed. R. Civ. P. 14. Filing No. 19 at 9–10. The Court finds that the claims in the third-party complaint against Milford should instead be treated as counterclaims under Rule 13.

Fed. R. Civ. P. 14 addresses third-party practice and states in part, "A third-party defendant may proceed under this rule against a nonparty who is or may be liable to the third-party defendant for all or part of any claim against it." Fed. R. Civ. P. 14(a)(5). Milford points out that the defendants do not state anyway in which Milford is liable to defendants for MREG's claims against them and thus their supposed third-party complaint does not comply with Rule 14. Filing No. 19 at 9–10.

The Court agrees that, as styled, the defendants' third-party complaint does not comply with Rule 14. However, the claims do comply with Rule 13 when construed as counterclaims. When joining additional parties, Rule 13 states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). Rule 20, in turn, provides that

4

[p]ersons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

"Taken together, Rule 13(h) and Rule 20 make it clear that if a counterclaim is properly asserted, then any person whose joinder in the original action would have been possible under Rule 20 may be added as a party to the counterclaim." *PMI Neb., LLC v. Nordhues*, No. 4:18-CV-3126, 2019 WL 3683531, at *1 (D. Neb. Aug. 6, 2019). That is, "an additional person may be joined in order to adjudicate a counterclaim that is already before the Court or one that is being asserted at the same time the addition of a nonparty is sought, so long as the counterclaim involves at least one existing party." *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1435 (3d ed. 2010 & Supp. 2019)); *accord Tracy Broad. Corp. v. Spectrum Scan, LLC*, No. 8:06CV336, 2007 WL 1825174, at *4 (D. Neb. June 22, 2007).

Thus, the question becomes the same as the one asserted in MREG's motion to dismiss; whether the claims against Milford are proper counterclaims over which the Court has subject-matter jurisdiction.

## B. Subject-Matter Jurisdiction over the Counterclaims Against MREG and Milford

MREG and Milford argue the Court lacks subject-matter jurisdiction over the defendants' counterclaims. Filing No. 19 at 10–20. They argue the counterclaims are unrelated to the main controversy and therefore are neither compulsory nor proper

5

permissive counterclaims.   *Id.*   The Court disagrees and finds it has subject-matter jurisdiction over the counterclaims as compulsory counterclaims.

A Court's original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction) permits the exercise of supplemental jurisdiction over claims "so related to" the claim invoking original jurisdiction that the claims "form part of the same case or controversy."   28 U.S.C. § 1367(a).   Claims arise from the same case or controversy where they "derive from a common nucleus of operative fact."   *ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (quoting *Myers*, 429 F.3d at 746).   "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'"   *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Counterclaims are either compulsory or permissive.   *See* Fed. R. Civ. P. 13(a), (b). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."   Fed. R. Civ. P. 13(a)(1).   Any claim that is not compulsory is a permissive counterclaim.   Fed. R. Civ. P. 13(b).

The Eighth Circuit has articulated four tests to determine whether a claim and counterclaim arises out of the same transaction or occurrence within the meaning of the compulsory-counterclaim rule.   *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979). Those are: (1) whether the issues of fact and law raised by the claim and counterclaim are largely the same, (2) whether res judicata would bar a subsequent

suit on the counterclaim, (3) whether substantially the same evidence supports or refutes the claim and counterclaim, and (4) whether there is any logical relation between the claim and counterclaim. *Id.*; *see also Duran v. W. Maple Dental Specialists, PC*, No. 8:20CV428, 2021 WL 1627858, at *2 (D. Neb. Apr. 27, 2021). "Although a separate statement alleging jurisdiction is not necessary to support a compulsory counterclaim, a permissive counterclaim does require a basis of jurisdiction independent from that supporting the main claim." *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty.*, 747 F.2d 1195, 1197 (8th Cir. 1984) (citation omitted).

MREG and Milford argue the counterclaims and claims do not derive from a common nucleus of operative fact such as would support supplemental jurisdiction. Filing No. 19 at 20. Their primary contention is that the counterclaims "all deal with minor grievances about pay and equal [workplace] treatment while the [main claims] deal with unfair competition." *Id.* at 12. MREG and Milford rely on a case from the District of Minnesota, *Pecore v. Jennie-O Turkey Store, Inc.*, 990 F. Supp. 2d 984, 988 (D. Minn. 2014). In *Pecore*, the court found it lacked jurisdiction over counterclaims which "d[id] not share a timeline" with the main claims. *Id.* MREG and Milford argue that as in *Pecore* the timeline distinguishes the claims in this case. Filing No. 19 at 16. They argue the main claims involve conduct occurring after or around the time the defendants quit MREG, while the counterclaims involve conduct during their employment. *Id.* Thus, they argue, the claims are not logically related.

The Court disagrees that the claims and counterclaims are so neatly delineated as to not constitute "the same case or controversy," 28 U.S.C. § 1367(a), nor stem from a "common nucleus of operative fact," ABF Freight Sys., for purposes of supplemental

jurisdiction.  Contrary to MREG and Milford's argument, the claims do not deal exclusively with post-termination unfair competition, while the counterclaims involve strictly pre-termination pay inequity.  Rather, both the claims and counterclaims involve central questions over the terms of the defendants' employment with MREG, such as how they would be compensated, how they would be allocated leads, what they were permitted to do with the leads' information, and how they were permitted to interact with MREG clients.

The Court also finds that the counterclaims are compulsory because they arise out of the transactions and occurrences which are the subject matter of the main claims. Although the Court believes it unlikely that res judicata would bar a subsequent suit on the counterclaims, the remaining three tests for compulsory counterclaims all favor a finding of supplemental jurisdiction.  Both sets of claims raise similar issues of fact and law, are logically related, and will require overlapping evidence such as the terms of each defendant's employment with MREG.

MREG and Milford's *Pecore* argument is unavailing.  As stated above, there is not a clear temporal distinction between the claims and counterclaims like there was in *Pecore*. Furthermore, in *Pecore* the employee/plaintiff lived in employer-provided housing and sued her employer for employment discrimination.  *Pecore*, 990 F. Supp. 2d at 987. The employer attempted to bring counterclaims relating to the employee's alleged destruction of the property on which she lived.  *Id.* In declining to find supplemental jurisdiction, the court concluded that the employment claims were not logically related to the tenancy-related property claims.  *Id.* at 990.  It noted that the "counterclaims do not stem from Pecore's conduct as an employee, but rather her conduct as a tenant."  *Id.*  In contrast, here the claims and counterclaims both involve factual and legal questions

stemming from the terms of the defendants' employment.  The Court therefore finds it has subject-matter jurisdiction over defendants' allegations as compulsory counterclaims.

**IV.    CONCLUSION**

The claims and counterclaims in this case arise out of the same transaction and occurrence and are part of the same case or controversy.   Therefore, the Court has subject-matter jurisdiction over the defendants' counterclaims against MREG and Milford. Accordingly,

IT IS ORDERED:

1. Plaintiff MREG's Motion to Dismiss Counterclaims and Third-Party Defendant Karie L. Milford's Motion to Strike, Filing No. 18, is granted in part and denied in part.  It is granted to the extent that defendants' claims against Milford were styled as a third-party complaint rather than a counterclaim, and is denied as to Milford Real Estate Group, LLC's Motion to Dismiss;

2. The Court will construe the defendants' claims against Karie L. Milford as counterclaims and the clerk's office shall caption Milford as a counterclaim defendant rather than a third-party defendant.

Dated this 5th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge